UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

BRAND ADVANCE LLC,

                    Plaintiff,                **MEMORANDUM & ORDER**
                                              24-cv-8384(EK)(CLP)

        -against-

BRAND ADVANCE UK; BA DIVERSITY MEDIA,
INC.; BRAND ADVANCE LTD; BRAND
ADVANCE GROUP; and CHRIS KENNA,

                    Defendants.

------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff's request for a Temporary Restraining Order
is denied.  ECF No. 18.

        "The court may issue a temporary restraining order
without written or oral notice to the adverse party or its
attorney only if: (A) specific facts in an affidavit or a
verified complaint clearly show that immediate and irreparable
injury, loss, or damage will result to the movant before the
adverse party can be heard in opposition; and (B) the movant's
attorney certifies in writing any efforts made to give notice
and the reasons why it should not be required."  Fed. R. Civ. P.
65.  The *ex parte* TRO is an exceptional remedy that should be
used only if "irreparable injury will be caused absent prompt
judicial intervention in circumstances where the adversary
cannot be contacted, or where advance contact with the adversary

would itself be likely to trigger irreparable injury."[1] *Little Tor Auto Ctr. v. Exxon Co.*, *USA*, 822 F. Supp. 141, 143 (S.D.N.Y. 1993). Plaintiff has not met this high standard. Additionally, Plaintiff has not complied with Local Rule 6.1(d), which requires "a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary."

**A hearing on Plaintiff's motion is scheduled for December 19, 2024 at 2:00 p.m., in Courtroom 6G North at the United States District Court, 225 Cadman Plaza East, Brooklyn, New York.** Plaintiff is directed to serve its request for injunctive relief, the Complaint and the exhibits thereto, and this order on Defendants on or before 5:00 p.m. on December 11. Defendant's opposition is due by 12:00 p.m. on December 16. Plaintiff's reply, if any, is due by 12:00 p.m. on December 18.

Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff may serve defendants via the email addresses they have previously used successfully to communicate with them. *See* Mem. in Supp. TRO 24, ECF No. 19 (noting that defendants asked plaintiffs to communicate with them via email); TRO Ex. 3, ECF No. 19-3 (email exchange between plaintiff and defendants); *Pearson Educ., Inc. v. Aggarwal*, No. 17-CV-203, 2022 WL 3700142, at *4-5 (S.D.N.Y.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Aug. 26, 2022) (describing the requirements for email service on a United Kingdom defendant); *F.T.C. v. PCCare247 Inc.*, No. 12-CV-7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant.").


      SO ORDERED.



                  /s/ Eric Komitee
                  ERIC KOMITEE
                  United States District Judge


Dated:     December 10, 2024
            Brooklyn, New York